UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON
CASE NO. 5:23-cr-00137-DCR-1

UNITED STATES OF AMERICA                                                             PLAINTIFF

V.

ELLEN PHILLIPS                                                                         DEFENDANT

**SENTENCING MEMORANDUM**

\* \* \* \* \* \* \*

Comes the Defendant, by counsel, and provides a Sentencing Memorandum in support of her Motion for Miscellaneous Relief and the Court's determination of a reasonable sentence in the above-styled matter.

Though she had a childhood marred by abuse and trauma, Ellen Phillips for some time made the most of life in Central Kentucky. She obtained higher education, employment, and started a family with a husband, resulting in two children, now teenagers. Her family had good income, and she did what anyone would expect her to do raising her children and helping her household prosper. Yet eventually, demons came to haunt her, and facilitated by separation from her husband and her growing dependence on drugs and alcohol, she made the awful choices to engage in sexual activity with teenage boys. These choices have done great harm to the boys and families involved, and by objective standards have ruined her life – she has lost her liberty, her reputation, her assets, her employment, and most of the relationships she once had, including those with her children.

In this case, the range for imprisonment, per the guidelines in the opinion of the U.S. Probation Office, and agreed upon by the parties is 151 – 188 months. However, application of the sentencing factors set forth in 18 U.S.C. § 3553 (a) might cause the Court

to contemplate a somewhat lesser sentence, in fact, one that includes no greater than **132 months** of imprisonment. The defense believes that any harsher sentence would be greater than necessary to comply with the purposes of sentencing.

Undoubtedly, Ellen's offense is incredibly serious, and involved a pattern of misconduct (as accounted for in the 5-level enhancement in the sentencing guidelines calculation). The efforts made to have such direct, unlawful contact with the teenagers cannot be ignored. These incidents became a source of injury, stress, and embarrassment for all of the boys and families involved, including Ellen's own. There is a clear need to punish such activity, and to ensure it does not happen again. However, over a decade in federal prison, along with a lengthy term of supervised release, sex offender treatment, and long-term placement on the sex offender registry will be sufficient to punish her, protect the public, promote respect for the law, afford her the opportunity for needed rehabilitation, deter Ellen from engaging in such misconduct again, and serve as a deterrent to other such defendants similarly situated to Ellen who may be tempted to prey on teenage boys the way Ellen did.

It is not easy to understand why a woman in her late thirties with no criminal history, stable employment, and an immediate family would begin to do such things. A fair assessment is that she began to have significant mental health issues and dealt with them in some of the worst ways possible – by turning to drugs and alcohol, and acting out and seeking attention sexually with teenage boys with whom she had no right to have such relationships. Once Ellen has paid her debt to the victims and society, undergone lengthy mental health (if such can be obtained in prison) and sex offender treatment, and has in place guardrails for her life post-incarceration, it is reasonable to contemplate the justice will have been done, that she will not pose a threat to the public, and that she will even be able to contribute once again lawfully, meaningfully, and productively. Fortunately, she does have a remaining network of support, shown by the letters attached to this filing. A sentence including a term of imprisonment of no more than 132 months sentence would

be reasonable considering the advisory guideline range, the sentencing factors outlined in § 3553 (a), the plea agreement, and all other circumstances of the case.

                Respectfully submitted,

BY:    <u>/s/ Dan Carman</u>
        Dan Carman
        Attorney at Law, PLLC
        111 Church Street
        Lexington, Kentucky 40507
        (859) 685-1055 (office)
        (859) 396-1049 (cell)
        (859) 376-1228 (facsimile)
        E-mail: dan.carman.attorney@gmail.com
        *Counsel for the Defendant, Ellen Phillips*